24CA1641 Schmidt v ICAO 02-20-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1641
Industrial Claim Appeals Office of the State of Colorado
DD No. 23028-2024

---

Tiffany Schmidt,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and Division of
Unemployment Insurance,

Respondents.

---

ORDER AFFIRMED

Division I
Opinion by JUDGE YUN
J. Jones and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 20, 2025

---

Tiffany Schmidt, Pro Se

No Appearance for Respondents

¶ 1     In this unemployment benefits case, Tiffany Schmidt seeks review of a final order of the Industrial Claim Appeals Office (Panel) affirming a hearing officer's dismissal of her appeal as untimely. We affirm the Panel's order.

## I.     Background

¶ 2     Schmidt worked as a banquet server for Vail Associates, Inc. In February 2023, she filed a claim for benefits with the Division of Unemployment Insurance (Division).  On June 26, 2023, a deputy for the Division issued a decision denying Schmidt's claim.  The deputy noted that eligibility for benefits under the Employment Security Act is conditioned on claimants registering for work with the Division's employment office.  *See* § 8-73-107(1)(a), C.R.S. 2024. The deputy determined that Schmidt had failed to register, making her ineligible for benefits.  As a result, the deputy disallowed payments from March 2023 through February 2024 and informed Schmidt that she must repay any benefits already received during this timeframe.

¶ 3     Additionally, the deputy's decision informed Schmidt that she had the right to appeal the decision within twenty calendar days

from the date the decision was mailed.  The decision further notified Schmidt that

> In the event that your appeal is received more than **180 days** late, . . . the appeal will be dismissed, and the deputy's decision will become final.

The Division mailed the deputy's decision on June 26, 2023.  Thus, Schmidt's deadline to file an appeal was Monday, July 17, 2023.  *See* § 8-70-103(5), C.R.S. 2024 (deadlines falling on weekends automatically extend to the next weekday).

¶ 4　　Over a year later, on August 19, 2024, Schmidt filed an appeal regarding the deputy's decision.  She explained the reasons for her late filing, noting that she "tried to request a waiver" and that she "had a baby and moved states and was distracted."  Schmidt did not dispute that she had received the deputy's decision in a timely manner.

¶ 5　　A hearing officer for the Division issued an order dismissing Schmidt's appeal.  The hearing officer explained that Department of Labor & Employment Regulation 12.1.3.2, 7 Code Colo. Regs. 1101-2, prohibits appeals filed more than 180 days past the filing deadline.  Because Schmidt filed her appeal outside that 180-day

window, Regulation 12.1.3.2 mandated dismissal. *See* Dep't of Lab. & Emp. Reg. 12.1.3.2, 7 Code Colo. Regs. 1101-2.

¶ 6 Schmidt timely appealed the hearing officer's order to the Panel. In her appeal, Schmidt conceded that she had received benefits that the deputy's order ultimately disallowed, which meant that she was required to repay those amounts. She noted her inability to repay and her good faith efforts to reach a resolution with the Division.

¶ 7 In affirming the hearing officer's decision, the Panel found that Schmidt's electronic account with the Division showed her preference for receiving information and communications electronically. It further found, by inference, that the Division timely uploaded the deputy's decision to Schmidt's electronic account and that Schmidt failed to timely appeal the decision because she mistakenly believed that she could effectively resolve the disallowed payments by requesting a waiver of the overpayment. Nonetheless, the Panel explained that, under Regulation 12.1.3.2, "appealing a deputy's decision over 180 days late may not be excused[,]" and, thus, the Panel affirmed the hearing officer's order. *See* Dep't of Lab. & Emp. Reg. 12.1.3.2, 7 Code Colo. Regs. 1101-2.

## II. Discussion

¶ 8    On appeal, Schmidt acknowledges that she failed to timely appeal the deputy's order. She explains that factors such as "anxiety . . . and new stresses[,]" including the birth of her first child and a move to another state, contributed to her delay. Additionally, Schmidt raises several arguments concerning the merits of the deputy's decision and the alleged discrepancies between the amount the Division required her to repay and the amount she actually received in overpayment. However, at this stage in the proceedings, neither the merits of the deputy's decision nor the alleged discrepancies are properly before us because the Panel never reached those issues. *See* § 8-74-107, C.R.S. 2024 (granting appellate court jurisdiction to review only the Panel's decision); *People in Interest of M.B.*, 2020 COA 13, ¶ 14 (an appellate court generally reviews only matters ruled on in the order being appealed). Therefore, our review is limited to the sole issue the Panel addressed: whether Regulation 12.1.3.2 bars Schmidt's late appeal of the deputy's decision. *See id.*; Dep't of Lab. & Emp. Reg. 12.1.3.2, 7 Code Colo. Regs. 1101-2; *see also* 8-74-106(1),

C.R.S. 2024 (making deputy decisions "final" unless appealed within twenty days, absent good cause shown).

¶ 9     We may set aside the Panel's decision only if (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the findings of fact do not support the decision; or (4) the decision is erroneous as a matter of law. § 8-74-107(6).

¶ 10     Under section 8-74-106(1)(a), the Division must provide a claimant notice of a deputy's decision "by mailing a copy of the decision to the [claimant's] last-known address" or "by electronic means." A claimant who seeks to appeal a deputy's decision must file a petition for appeal "within twenty calendar days after the date of notification of such decision." *Id.* Generally, a hearing officer may accept a late appeal for good cause shown and in accordance with rules adopted by the Division's director. § 8-74-106(1)(b). However, if an appeal is more than 180 days late, "good cause may not be established, a hearing shall not be scheduled, the appeal shall be dismissed, and the deputy's decision shall become final." Dep't of Lab. & Emp. Reg. 12.1.3.2, 7 Code Colo. Regs. 1101-2.

¶ 11 In this case, it is undisputed that the Division mailed the deputy decision to Schmidt on June 26, 2023, and timely uploaded it to Schmidt's electronic account with the Division. Despite receiving the decision in a timely manner, Schmidt filed her appeal well past the 180 day deadline. *See* § 8-74-106(1)(a). Given these facts, we agree with the Panel that the hearing officer properly dismissed Schmidt's appeal, as required by Regulation 12.1.3.2. *See* Dep't of Lab. & Emp. Reg. 12.1.3.2, 7 Code Colo. Regs. 1101-2.

### III. Disposition

¶ 12 The Panel's order is affirmed.

JUDGE J. JONES and JUDGE BROWN concur.